IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| DANNA HORN,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>ALLSTATE TEXAS LLOYDS and DONNIE JOE MARCANTEL,<br><br>　　　　　Defendants. | No. 1:21-CV-00512-MAC-ZJH |

### REPORT AND RECOMMENDATION REMANDING CASE TO STATE COURT

This case is assigned to the Honorable Marcia A. Crone, United States District Judge, and is referred to the undersigned United States Magistrate Judge for pretrial management. Doc. No. 6. On October 12, 2021, Defendant Allstate Texas Lloyds removed this case from the 128th Judicial District Court of Orange County, Texas to this court. Doc. No. 1. On November 12, 2021, Plaintiff Danna Horn filed her *Motion to Remand*, which alleged that federal jurisdiction did not exist because the parties lacked complete diversity. Doc. No. 8. On April 13, 2022, the undersigned (1) ordered Allstate to amend its Notice of Removal to "distinctly and affirmatively allege" the citizenship of all parties to the lawsuit within ten days and (2) denied Horn's Motion to Remand subject to reassertion should Allstate file a proper Notice of Removal. Doc. No. 17 at 3. Ten days have passed, and Allstate has not amended its Notice of Removal as ordered by the court.

### I.　Discussion

Any federal court may raise subject matter jurisdiction *sua sponte*. *McDonal v. Abbott Lab'ys*, 408 F.3d 177, 183 (5th Cir. 2005); *Ruhrgas AG v. Marathan Oil Co.*, 526 U.S. 574, 583

(1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."). In a removal action, the defendant has the burden of proving federal jurisdiction and, if challenged, that the removal was procedurally proper. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) ("The party seeking to invoke federal diversity jurisdiction bears the burden of establishing . . . that the parties are diverse . . . ."). By failing to amend its Notice of Removal, Allstate has not met its burden.

A Southern District of Texas court recently granted a plaintiff's Motion to Remand when a Defendant insurance company failed to amend its Notice of Removal despite a court order. *See Macey Prop. Mgmt., LLC v. Starr Surplus Line Ins. Co.*, No. H-21-3943, 2022 WL 540948, at *9 (S.D. Tex. Feb. 23, 2022). Judge Lake had ordered the insurance company to file an Amended Notice of Removal alleging the citizenship of the company's subsidiary limited liability entities. *Id*. at *7. He warned that failure to do so could result in remand of the action "by the court on its own initiative." *Id*. The insurance company filed an Amended Notice of Removal, but the court was "not persuaded" that it was "sufficient to establish complete diversity of citizenship." *Id*. at *9. The court then remanded the action for lack of subject matter jurisdiction. *Id*.

Here, while there is no pending Motion to Remand because the undersigned denied it as moot, this is essentially an administrative difference. The fact remains that "[j]urisdiction cannot be waived, and it is the duty of a federal court first to decide, *sua sponte if necessary*, whether it has jurisdiction before the merits of the case can be addressed." *Filer v. Donley*, 690 F.3d 643, 646 (5th Cir. 2012) (emphasis added). Like in *Macey*, Allstate failed to properly amend its Notice of Removal despite a court order. *See* 2022 WL 540948, at *9. It therefore has not met its burden of proving federal jurisdiction. Accordingly, the court should exercise its *sua sponte* power to remand this case back to state court.

## II. Recommendation

For the foregoing reasons, the undersigned recommends that this case be **REMANDED** to the 128th Judicial District Court of Orange County, Texas.

## III. Objections

Under 28 U.S.C. § 636(b)(1)(c), each party to this action has the right to file objections to this report and recommendation. Objections to this report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, and (3) be served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1)(c); FED. R. CIV. P. 72(b)(2). A party who objects to this report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. *See* 28 U.S.C. § 636(b)(1)(c); FED. R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to de novo review by the United States District Judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SIGNED this 27th day of April, 2022.

_____
Zack Hawthorn
United States Magistrate Judge